UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| LATRECIA BRUMFIELD | CIVIL ACTION |
| VERSUS | |
| CITY OF BAKER, THE CITY OF BAKER POLICE DEPARTMENT AND THE CITY OF BAKER PROSECUTOR'S OFFICE | NO. 11-507-BAJ-CN |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 14 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, September 29, 2011.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

LATRECIA BRUMFIELD                                                 CIVIL ACTION

VERSUS

CITY OF BAKER, THE CITY OF                                         NO. 11-507-BAJ-CN
BAKER POLICE DEPARTMENT
AND THE CITY OF BAKER
PROSECUTOR'S OFFICE

## MAGISTRATE JUDGE'S REPORT

This matter is before the Court on the Motion for Remand (R. Doc. 4) filed by plaintiff, Latrecia Brumfield ("plaintiff"). Defendants, the City of Baker, the City of Baker Police Department, and the City of Baker Prosecutor's Office (collectively "the City Defendants"), have filed an opposition (R. Doc. 6) to plaintiff's motion.

## FACTS & PROCEDURAL BACKGROUND

On June 17, 2011, plaintiff filed suit against the City Defendants in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, contending that she was falsely arrested and imprisoned without probable cause and maliciously prosecuted by the City Defendants in June 2010. She alleges that the City Defendants' actions were "in violation of the laws of the State of Louisiana and the United States of America protecting its citizens against malicious prosecution, false imprisonment and intentional infliction of emotional distress" because she provided the defendants with sufficient evidence showing that she was not the offender they were seeking and because the officers had in their possession a video tape demonstrating that she was not the offender. *See*, Petition for Damages, R. Doc. 1-2, ¶XI. Plaintiff contends that, as a result of the City Defendants'

actions, she sustained serious personal injuries, including, but not limited to: (a) Past, present and future mental and emotional distress; (b) Past, present and future mental pain and anguish; (c) Monetary loss, including but not limited to court fees, bail payment, and attorney's fees; (d) Past, present and future medical expenses; (e) Loss of enjoyment of life; (f) Lost wages; and (g) Loss of earning capacity.  Plaintiff further alleges that she has a nine (9) year old daughter, who has suffered loss of consortium as a result of her incarceration and resulting mental distress.  *See*, Petition for Damages, R. Doc. 1-2.

The City Defendants removed the suit on July 25, 2011, on the basis that this Court has original jurisdiction of plaintiff's claims under 28 U.S.C. §1331 and 28 U.S.C. §1343, in that it is a civil rights action arising under the Constitution, laws, or treaties of the United States and asserts a claim for violation of plaintiff's constitutional rights pursuant to 42 U.S.C. §1983.  On August 30, 2011, plaintiff filed the present motion, seeking remand of her suit to state court.  She contends that this matter should be remanded because the only claim that she asserted in the petition is a claim for malicious prosecution as provided by state law and that, because she did not specifically assert a §1983 claim and diversity jurisdiction does not exist in this matter, remand is warranted.  She seeks an award of the attorney's fees she incurred in defending against the City Defendants' alleged improper removal.  Finally, she requests that, if it is determined that federal jurisdiction exists in this matter, the Court should abstain from exercising such jurisdiction on the basis that the State of Louisiana "has an interest in deciding whether employees of one of its political subdivisions are liable for malicious prosecution."

2

**LAW & ANALYSIS**

Federal district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. The determination of whether an action "arises under" the laws of the United States is made pursuant to the "well-pleaded complaint rule." *Smith v. Bank One Corp.*, 2004 WL 1274480 (E.D.La. 2004), citing *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152, 29 S.Ct. 42, 53 L.Ed. 126 (1908). "Federal courts have jurisdiction to hear, originally or by removal, only those cases in which the well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Wuerl v. International Life Science Church*, 758 F.Supp. 1084, 1086 (W.D.Pa. 1991)(citations omitted).

A plaintiff is deemed to be the master of her case, and she may avoid federal jurisdiction by relying exclusively upon state law. *Id.*, at *2, citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Where a plaintiff properly pleads only a state law cause of action, there generally is no federal jurisdiction. *Id.*, citing *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002), *cert. denied*, *NPC Servs. MSOF Corp.*, 537 U.S. 1046, 123 S.Ct. 623, 154 L.Ed.2d 519 (2002). "As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Id.*, citing *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003).

In the Notice of Removal in the present case, the City Defendants contend that federal question jurisdiction exists herein for two (2) reasons. First, they assert that, by alleging, in the petition, that the City Defendants' actions violated the "laws of . . . the

3

United States of America," plaintiff asserted a federal constitutional claim against a local official, which can only be asserted via a §1983 claim. Secondly, the City Defendants contend it can be implied that plaintiff also asserted a claim under 42 U.S.C. §1988 since she alleged that she is entitled to attorney's fees, a remedy that is not available under any applicable state law theory of recovery.

As to the City Defendants' first argument, it has been held that the "conclusory mention" that an actor's conduct violates civil and constitutional rights does not satisfy the well-pleaded complaint rule. *Id.; Stinson v. Scoggins*, 2008 WL 631204, *3 (W.D.La. 2008)(Where a petition does not reference a specific federal law or provision from the United States Constitution and instead only makes "vague references to deprivation of 'civil rights and liberties' and 'unlawful detention'," federal question jurisdiction does not exist. Such rights are also protected by state law, and the lack of specificity as to any particular federal civil right precludes reading the complaint to assert a federal claim for removal purposes); *Avitts v. Amoco Production Co.*, 53 F.3d 690 (5th Cir. 1995); *MSOF Corp.,* at 490.[1] As the District Court for the Eastern District of Louisiana has noted, conclusory

---

[1] *See also, Stewart v. Washington Mutual, FA*, 2010 WL 430009, *3 (D. Or. 2010)(Passing references to federal statutes, without more, are insufficient to establish federal jurisdiction); *Polkey v. Waste Mgmt. Of Wa., Inc.*, 2009 WL 1936257, *3 (W.D.Wa. 2009)(vague, ambiguous, or passing references to federal law in a complaint are not sufficient to support federal question jurisdiction); *Matthews v. Stewart*, 207 F.Supp.2d 496, 499 (M.D.La. 2001)(casual reference to two federal statutes raised no issue of federal law. "In this court of limited jurisdiction, a passing reference to federal laws is insufficient to confer jurisdiction[.]"); *Easton v. Crossland Mortgage Corp.*, 114 F.3d 979, 982 (9th Cir. 1997)(finding no removal jurisdiction when a plaintiff's sexual harassment complaint referred to Title VII of the Civil Rights Act and the U.S. Constitution and noting that "the mere reference of a federal statute in a pleading will not convert a state law claim into a federal cause of action if the federal statute is not a necessary element of the state law claim and no preemption exists"); *Julien v. Meyers*, 2009 WL 1382953, *4 (E.D.Mo. 2009)("Federal courts have repeatedly held that vague, ambiguous, or passing references to federal law in a complaint are not sufficient to support removal based on federal question jurisdiction"); *Casey v. Midwest Title Serv., Inc.*, 2006 WL 2862457, *2 (N.D.Okla. 2006)(same); *Patterson v. Campbell*, 2006 WL 354974, at *3 (M.D.Tenn. 2006)("ambiguity defeats removal"); *Maguire v. Telcom Global Solutions, Inc.*, 2003 WL 124475, at *3 (N.D.Tex. 2003)("vague reference to federal law is simply insufficient to satisfy [Defendant's] burden of establishing that this case involves a federal question");

references to federal law and to the U.S. Constitution simply document an effect or injury but do not state a cause of action under federal law, and "[t]he court is not bound by the stray labels placed on plaintiff's claims." *Smith*, at *2. An "incidental reference to a violation of federal law or the U.S. Constitution does not 'convert a state law complaint into a federal cause of action if the federal statute is not a necessary element of the state law claim and no preemption exists." *Smith*, at *2, quoting *Easton v. Crossland Mortgage Corp.*, 114 F.3d 979, 982 (9th Cir. 1997).[2] Additionally, federal question jurisdiction does not exist merely because a federal claim, such as a §1983 claim, that was not pleaded by the plaintiff may be available to him/her. As mentioned above, a plaintiff is "master to decide what law he will rely upon," and he may avoid federal jurisdiction by exclusive reliance on state law even though a federal cause of action may be available. *Stinson*, at *3, quoting *Caterpillar*, at 392.[3]

Although the plaintiff, in the present case, vaguely refers to a violation of the laws of the United States in her petition, she does not cite to any specific federal law or

---

*Rabinowitz v. Benson*, 1992 WL 309808, *1 (S.D.N.Y. 1992)(removal improper where "complaint made only a vague reference to federal law, without specifically alleging a cause of action" under federal law).

[2] *Strong v. Print U.S.A., Ltd.*, 230 F.Supp.2d 798, 800 (N.D.Ohio 2002)(noting that the mere mention of Title VII did not convert a state law sexual harassment claim into a federal cause of action).

[3] *See also, Julien v. Meyers*, 2009 WL 1382953 (E.D.Mo. 2009)(Plaintiff filed suit against various officers of the St. Louis Metropolitan Police Department, alleging, among other things, false arrest and/or false imprisonment, malicious prosecution, intentional infliction of emotional distress, and negligence per se. In the petition, plaintiff asserted that the defendants' alleged misconduct violated Amendments IV and V to the Bill of Rights of the United States Constitution. The defendants removed the case on the basis of federal question jurisdiction, and plaintiff moved to remand on the basis that his claims were based solely on state law. The court concluded that violation of the federal constitution was not an essential element of the plaintiff's state law claims, and the plaintiff's limited reference to the Fourth and Fifth Amendments of the Constitution did not present a disputed and substantial question of federal law sufficient to establish federal jurisdiction. The court further held that, although the plaintiff could have asserted claims for violation of his federal constitutional rights under Section 1983, he chose not to do so and that "[j]urisdiction may not be sustained on a theory that the plaintiff has not advanced").

constitutional right that was violated in her case. Furthermore, even if the facts alleged in plaintiff's petition could give rise to a claim under §1983, plaintiff unequivocally stated in her motion to remand that she is proceeding based solely upon a state law claim for malicious prosecution and that she did not intend to bring a federal civil rights action. As the "master of her claim," plaintiff has chosen to proceed on the exclusive basis of state law, thereby depriving the City Defendants of removal jurisdiction. In short, the City Defendants may not remove based upon a federal claim that plaintiff may possess but chose not to assert in this suit. *See, Stinson*, at *3 (where, although the plaintiff made vague references in the petition to deprivations of his civil rights and to an unlawful detention, the court nevertheless found removal improper since the plaintiff "unequivocally stated [in his remand motion] that he was proceeding based on a state law cause of action for malicious prosecution and that he did not bring a federal civil rights action").[4]

Moreover, neither of the exceptions to the "well-pleaded complaint rule" apply in this case. As mentioned in passing above, the two (2) exceptions to the "well-pleaded

---

[4] *See also, Crane v. Bank One Corp.*, 2004 WL 1274480, *3 (E.D.La. 2004); *Patrick v. McLaughlin*, 2007 WL 1229024, *2 (W.D.La. 2007)("The fact that [the plaintiff] omitted references to the U.S. Constitution, 42 U.S.C. §1983, and the Civil Rights Act in this suit is a strong indication that he intended to proceed under state law"); *Pigott v. T. Ostulano*, 2007 WL 1448718 (E.D.Va. 2007)(Plaintiff's complaint referred only to the traditional common law torts of assault and battery, intentional infliction of emotional distress, invasion of privacy, and false arrest and false imprisonment. It made no reference to §1983 or any other federal statute or constitutional provision, which the court found significant. The court further noted that the fact that the complaint was drafted by an attorney weighed in favor of finding against federal jurisdiction, as plaintiff's counsel would presumably have cited the relevant federal provisions had she wished to invoke a claim under federal law. Finally, the court found significant, in granting the remand motion, that the plaintiff "affirmatively represented in her motion to remand that no federal cause of action was intended to be asserted"); *Brave v. South Carolina Highway Dept.*, 2008 WL 2001913 (D.S.C. 2008)(In the petition, the plaintiff made specific reference to South Carolina law and generally to his constitutional rights being violated when the defendants allegedly stopped and detained him without probable cause. The court found that, because the plaintiff did not assert any claims pursuant to Section 1983 in the complaint and clarified, in his remand motion, that he was not bringing any federal causes of action, including one under Section 1983, remand was required under 28 U.S.C. §1447(c) since there were doubts as to the presence of federal jurisdiction. Passing reference to the U.S. Constitution and federal law in the petition is insufficient to establish federal question jurisdiction).

complaint rule" are the "artful pleading doctrine" and the doctrine of "complete preemption." A "court will not allow a plaintiff to deny a defendant a federal forum when the plaintiff's complaint contains a federal claim 'artfully pled' as a state law claim." *Goepel v. Nat'l Postal Mail Handlers Union*, 36 F.3d 306, 311, n. 5 (3d Cir. 1994)(citation omitted). Removal is permitted under the "artful pleading doctrine" if: "(1) federal law has completely preempted the state law that serves as the basis for the plaintiff's complaint, or (2) a federal question, not pleaded in the plaintiff's complaint, is nonetheless both intrinsic and central to the plaintiff's cause of action." *Guckin v. Nagle*, 259 F.Supp.2d 406, 410 (E.DPa. 2003)(citing 14B Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure §3722 (3d ed. 1999). As to the first exception, complete preemption does not apply to §1983 claims.[5] Relative to the second exception, it has been held that, even in a case where a plaintiff's state tort law causes of action for false imprisonment and malicious prosecution can be claimed as violations of the Fourth Amendment, that does not mean that they must be so pled and that they necessarily state a substantial federal question permitting removal. The state law torts of false arrest, false imprisonment, and malicious prosecution "existed long before Section 1983 was enacted, and nothing in the language or history of that legislation suggests that Congress intended that any state claim that could

---

[5] *See, Ruchka v. Husfelt*, 2008 Wl 2682686 (W.D.Pa. 2008), citing *Baucom-Brown v. City of Philadelphia*, 1990 WL 4407 (E.D.Pa. 1990)(Although Section 1983 creates a federal cause of action that, if pled in the complaint, would provide federal question jurisdiction over the claims, "there are no civil enforcement provisions in 42 U.S.C. §1983 (as there are in ERISA) which would indicate that Congress so completely preempted the civil rights area (as it did with employee benefit plans under ERISA) so as to render any civil complaint which can be construed as raising a claim under 42 U.S.C. §1983, federal in nature. Further, we find no evidence that Congress ever intended for 42 U.S.C. §1983 to permit removal of state-law tort claims where the plaintiffs rely exclusively on state law. Thus, although plaintiffs' state-law tort complaint can be construed as asserting a claim under 42 U.S.C. §1983, plaintiffs, nevertheless, have the right to proceed with their state-law tort claims" in state court); *Buenaventura v. City of Coatesville*, 1997 WL 164263 (E.D.Pa. 1997)(same).

possibly be pled as a federal civil rights claim must be so pled by the plaintiff." *Ruchka*, at *8-*9.[6] Thus, because state tort law creates a basis for plaintiff's causes of action in the present suit and the defendants have not shown that any of the plaintiff's claims depend on a substantial question of federal law, federal question jurisdiction does not exist herein.[7]

Additionally, the fact that plaintiff seeks attorney's fees, which are not available under any applicable state law, is not sufficient to establish federal question jurisdiction. In *Stinson*, a case where the petition alleged malicious prosecution and unlawful detention by a detective with the Caddo Parish Sheriff's Office, the plaintiff requested two forms of relief, attorney's fees and punitive damages, neither of which were available under state law. The District Court for the Western District of Louisiana, however, concluded that the plaintiff's prayer for such forms of relief "was not the equivalent to pleading a §1983 claim without conjecture or pleading a claim that necessarily requires resolution of federal law." *Stinson*, at *3. The court explained that it is the cause of action, not the relief requested that gives rise to a claim based on federal law. In so holding, the Western District referred to the U.S. Fifth Circuit Court of Appeals case *In re Hot-Head, Inc.*, wherein the court of appeals stated:

---

[6] *See also, Pigott*, at *3 ("[T]he federal issue is not 'substantial' in a situation like that in the instant case, where a plaintiff has alternative legal theories for relief under both state and federal law." Furthermore, the fact that the plaintiff's state law claim for false imprisonment mentioned the phrase "probable cause" did not necessarily invoke the Fourth Amendment and convert the claim into an allegation of the deprivation of a federal right).

[7] *See also, Dardeau v. West Orange-Grove Consolidated Independent School District*, 43 F.Supp.2d 722 (E.D.Tex. 1999)(The fulcrum of artful pleading analysis centers on whether a defendant carries its burden of showing that a plaintiff has no legitimate or viable state court claim under the language of the state court petition. In this case, the burden required defendants to show that plaintiffs could not recover for due process violations under Texas law, and the defendants did not make that showing. The court noted that the plaintiffs could assert a deprivation of due process under the Texas constitution without necessarily invoking federal law, and such conclusion dictated that the plaintiff's case be remanded to state court).

> [E]ven if we were to determine that Hot-Hed pleaded relief that is available only under federal law, we would hold that such boiler-plate request for attorneys' fees "as allowed by law" is insufficient to confer subject-matter jurisdiction on the federal courts. We agree with the Ninth Circuit's holding in *Carter v. Health Net of California, Inc.* that "[a] request for attorney's fees cannot be a basis for federal jurisdiction." A contrary holding would allow the proverbial tail to wag the dog.

*Id.*, quoting *In re Hot-Hed, Inc.*, 477 F.3d at 324. In *Hot-Hed*, the Fifth Circuit distinguished its prior decision of *Medina v. Ramsey Steel Co.*, 238 F.3d 674 (5th Cir. 2001), noting that the plaintiff's request in *Medina* for back pay and liquidated damages under the ADEA was a prayer for substantive relief under a specified federal statute intended to redress directly the wrong allegedly committed by the defendant. *Hot-Hed*, at 325. By contrast, the plaintiff in *Hot-Hed* sought attorneys' fees -- collateral relief not intended to remedy injury caused by the alleged offense, but rather an incidental cost of litigation, which did not raise a "'substantial, disputed question' about an essential element of a federal right, thus invoking federal question jurisdiction." *Id.* Applying *Hot-Head*, the Western District of Louisiana, in *Stinson*, found the defendant's argument that the plaintiff's request for attorney's fees asserted a federal law claim "too large a leap in logic" and rejected such argument. Considering that, in the present case (as in *Hot-Head* and *Stinson*), the plaintiff's request for attorney's fees is not a prayer for substantive relief under a specific federal statute, the undersigned finds that such request cannot serve as a basis for federal question jurisdiction.

9

Even if plaintiff's vague reference to violations of the laws of the United States and her request for attorney's fees create an ambiguity as to whether federal question jurisdiction exists, removal jurisdiction is to be strictly construed. Where federal jurisdiction is doubtful, remand is necessary. *Pigott*, at *4, citing *Mulcahey v. Columbia Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994).[8] Upon remand, the pure state law causes of action asserted by plaintiff may proceed to trial in the state forum selected by plaintiff; however, if plaintiff, contrary to the arguments submitted herein in support of her remand motion, attempts thereafter to assert federal claims in what she perceives to be a more favorable forum, the City Defendants will not be prejudiced as 28 U.S.C. §1446(b) imposes no time limit on removal of federal question cases. The City Defendants could remove based upon federal question jurisdiction at any time prior to entry of judgment in the state court suit, provided the notice of removal is filed within thirty (30) days after the defendant first ascertains that the case has become removable. *Dardeau v. West Orange-grove Consolidated Independent School District*, 43 F.Supp.2d 722 (E.D. Tex. 1999), at 734. The fact that a prior attempt to remove was unsuccessful does not preclude a subsequent removal. *Id.*, citing *Fritzlen v. Boatmen's Bank,* 212 U.S. 364, 29 S.Ct. 366, 53 L.Ed. 551 (1909)(An order remanding a case does not control the right to make a second application for removal if, because of subsequent proceedings or conduct of the parties, the case becomes removable).[9]

---

[8] *See also, Wells v. City of Alexandria*, 2006 WL 1210968 (5th Cir. 2006)("Although the complaint is vague, requiring some divination to determine what it alleges, it is more reasonable to construe it as claiming violations of state law").

[9] *See also, Covington v. Indemnity Ins. Co. Of N. Am.*, 251 F.2d 930 (5th Cir.)(implicitly recognizing that a second removal is proper following a change in circumstances), *cert. denied*, 357 U.S. 921, 78 S.Ct. 1362, 2 L.Ed.2d 1365 (1958).

Finally, as to the plaintiff's claim that she is entitled to attorney's fees for the City Defendants' improper removal of this case, the undersigned finds that such an award is not warranted. The removal statute provides that "[a]n order remanding the case *may* require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." 28 U.S.C. §1447 (emphasis added). The U.S. Supreme Court has clarified that "[a]bsent unusual circumstances, courts may award attorney's fees under §1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal," and "[c]onversely 'when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005). In making that determination, the district court "do[es] not consider the motive of the removing defendant." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292-93 (5th Cir. 2000). Instead, the court must consider the objective merits of removal at the time of removal, irrespective of the ultimate remand. *Id.*

Considering plaintiff's reference to the laws of the United States in the petition, her request for attorney's fees not available under state law, and the facts of the case, which reference concepts such as probable cause that require analogous proof under both state and federal law, the City Defendants had an "objectively reasonable basis" for removing this suit to federal court. *P.R. v. Central Texas Autism Center, Inc.*, 2009 WL 1393291 (W.D.Tex. 2009). Accordingly, although remand is recommended, plaintiff's request for

attorney's fees in connection with this motion should be denied.

## RECOMMENDATION

For the above reasons, it is recommended that the Motion for Remand (R. Doc. 4) filed by plaintiff, Latrecia Brumfield, should be **GRANTED IN PART**, in that this matter should be **REMANDED** to the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, for further proceedings, and **DENIED IN PART**, in that plaintiff is not entitled to an award of the attorney's fees incurred in connection with her remand motion.

Signed in chambers in Baton Rouge, Louisiana, September 29, 2011.

**MAGISTRATE JUDGE CHRISTINE NOLAND**